■ In the Matter of the Claim of DIANA T. SLAVE, Appellant, against STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ In the Matter of S. EZRA AUSTERN et al., as Trustees, Appellants. ISADOR LUBIN, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board which in effect affirmed a finding that Elliott Austern and Carl Austern were employees of appellants and that compensation paid to them was subject to unemployment insurance contributions. The sole issue is whether Elliott Austern and Carl Austern were employees of appellants. Carl Austern, the father of the trustees, originally owned the loft building involved herein. He conveyed the property to his three sons, S. Ezra Austern, Emanuel Austern and Elliott Austern, as trustees. It is undisputed that the trustees held legal title to the property; that Carl Austern's wife was the life beneficiary, with the remainder over to his four children. Thereafter, Carl Austern, who held no legal title to the premises and had no legal interest in the premises, performed certain management services for which he was paid compensation by the trustees. Elliott Austern was also paid compensation by the trustees for services rendered in connection with the management of the building. It is the contributions assessed against these payments of compensation which are in issue. Appellants contend that both Elliott Austern and Carl Austern were employers, not employees. Although Elliott Austern is one of the three trustees who owned the building, the record is clear that the compensation paid him and here involved was for services in connection with the management of the building and not for the performance of his duties as a trustee, and that he was paid " for the work I did at the building." The definition of employer contained in section 512 of the Unemployment Insurance Law (Labor Law, art. 18) is broad enough to clearly include the trustees herein. For the purpose of the assessment of contributions the trustees must be regarded as a separate entity, and the record indicated that they so regarded themselves. We think that upon this record the question of whether Carl Austern and Elliott Austern were employees of the trustees was an open question of fact, with substantial evidence to support the finding that they were employees. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.